IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 16-51072-PMB |
| WILLIAM B. JOHNSON, JR., ) | |
| ) | |
| Debtor ) | CHAPTER 7 |

| | |
|---|---|
| NEIL C. GORDON, Chapter 7 Trustee ) | |
| for the Estate of William B. Johnson, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADVERSARY PROCEEDING NO. |
| ) | 16-05349-PMB |
| THE INTERNAL REVENUE SERVICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND COUNTERCLAIM AND CROSS-CLAIMS OF
DEFENDANT J. RICHARD STEPHENS**

J. Richard Stephens, a named defendant in this proceeding (hereinafter "Stephens") answers the Complaint as follows.

**FIRST DEFENSE**

The Complaint fails to state a claim for subordination of Stephens claim upon which relief may be granted.

**SECOND DEFENSE**

This proceeding is subject to mandatory abstention pursuant to 28 U.S.C. § 1334.

**THIRD DEFENSE**

Stephens asserts the affirmative defenses of estoppel, waiver, statute of limitations, res judicata, collateral estoppel, set-off, recoupment and offset.

**FOURTH DEFENSE**

Stephens objects to the jurisdiction of this Court to invalidate Stephen's senior lien rights and priority established by applicable non-bankruptcy law.

**FIFTH DEFENSE**

Stephens responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Stephens in general admits the allegations of this Paragraph except that Stephens shows that the issue to be adjudicated is the proper distribution of proceeds arising from the sale of certain real property and denies that any of such proceeds are property of the bankruptcy estate of William B. Johnson, Jr. Stephens admits that Plaintiff has filed this proceeding under Rule 7001(2) but denies that Rule 7001(2) applies but rather shows that Rule 7001(9) could properly apply.

2.

Stephens in general admits the allegations of this Paragraph insofar as the claims of the Trustee certainly relate to the Debtor's Chapter 7 bankruptcy proceeding. The claims of Stephens to certain of the proceeds of the sale at issue do not, however, arise from or relate to the bankruptcy proceeding but rather from a judgment held by Stephens against the Debtor (and others) in the case of *J. Richard Stephens v. William B. Johnson et al.*, Civil Action File No. 2005-CV-101373 and from a proceeding brought by Stephens against Debtor and his wife, Sandra T. Johnson in the Superior

Court of Fulton County in the case of *J. Richard Stephens v. William B. Johnson and Sandra T. Johnson*, Civil Action File No. 2014CV245803 (the "Fraudulent Transfer Case").

3.

Without admitting that any of the referenced statutes apply to this proceeding, Stephens does not contest the jurisdiction of this Court to enter a declaratory judgment as to the proper distribution of the proceeds of the sale of the property at issue. Stephens denies that this is a core proceeding. Stephens further does not contest venue.

4.

The allegations of this Paragraph are admitted.

5.

The allegations of this Paragraph are admitted.

6.

The allegations of this Paragraph are admitted.

7.

Subject to the transactions referred to in Paragraphs 8 and 9 of the Complaint, Stephens admits that Debtor and his wife owned the property known as Unit 3, 3000 Andrews Drive, Atlanta, Fulton County, Georgia 30305 (the "Property") (but same is not a condominium).

8.

The allegations of this Paragraph are admitted.

9.

The allegations of this Paragraph are admitted. Stephens further shows that he was the only creditor of Debtor prosecuting the Fraudulent Transfer Case and that the Order Dated November 6,

2015, was not a final order in the case because it did not dispose of all claims in the case, even though it followed verdict of a jury after two days of trial. At the time of the filing of the petition in this bankruptcy proceeding, pending before the Fulton Superior Court was Stephen's Omnibus Motion in Respect of Levy and Partition Proceedings. This Motion sought an order providing for the sale of the entire interest of Debtor and his wife in the property and the appointment of a special master to make a determination in advance of such sale as to the priority and amounts of the several judgments and tax liens. A hearing on such motion was scheduled to be heard by the Fulton County Superior Court on January 21, 2016, two days after the petition was filed in this bankruptcy proceeding.

10.

Stephens admits the first sentence of this Paragraph. Stephens denies, however, the second sentence of this Paragraph. Debtor had conveyed away his interest in the property more than four years prior to commencement of this bankruptcy proceeding. At the time of the filing of this petition, the statute of limitations had passed to set aside same for every creditor of Debtor except Stephens. The interlocutory order entered in the Fraudulent Transfer Case did not operate to vest title in the Property in Debtor but rather to create in favor of Stephens the right to recover such property in respect of Stephen's judgment. Consequently, the Estate had no interest in the Property but rather had only the rights of Debtor as a defendant in the Fraudulent Transfer Case.

11.

The Order referred to speaks for itself, and Stephens denies the allegations of this Paragraph which characterize such Order.

12.

Stephens is without sufficient information to admit or deny what Trustee did in examining the title to the Property or what the Title Report referred to disclosed but does admit that (1) there were no security deeds against the Property at any time relevant to any issue present by this proceeding, (2) there have been filed various writs of fi. fa. in respect of judgments against Debtor, (3) there is a recorded Notice of Federal Tax Liens against Debtor and his wife, and (4) there is a recorded Georgia Execution for delinquent income taxes against Debtor and his wife. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

13.

Stephens is without sufficient knowledge or information to admit or deny the allegations of this Paragraph.

14.

Admitted.

15.

Stephens admits that he did not oppose the Sales Motion or Sales Order, but is without sufficient information or knowledge to admit or deny the remaining allegations of this Paragraph.

16.

The Order referred to speaks for itself, and Stephens denies the allegations of this Paragraph which characterize such Order.

17.

Stephens is without sufficient knowledge or information to admit or deny the allegations of this Paragraph.

18.

Stephens is without sufficient knowledge or information to admit or deny the allegations of this Paragraph, but agrees that there have been no security deeds against the Property relevant to any issue in this case.

19.

Responding to the allegations of this paragraph and following the numbering of the clauses thereof, Stephens states as follows:

(i)

Stephens concurs that the referenced matter does not pertain to the Debtor, his wife or the Property.

(ii)

Stephens concurs that the referenced matter does not pertain to the Debtor, his wife or the Property.

(iii)

Stephens concurs that the referenced matter does not pertain to the Debtor, his wife or the Property.

(iv)

Stephens concurs that the referenced matter does not pertain to the Debtor, his wife or the Property.

(v)

Stephens concurs that the referenced matter does not pertain to the Debtor, his wife or the Property.

(vi)

Stephens admits that the referenced Writ of Fieri Fascias is of record in the original amount shown, but denies that same constituted a lien against the Property or the proceeds of sale thereof.

(vii)

Stephens shows that the referenced Writ of Fieri Fascias is amendatory of that referred to in clause (vii), but denies that same constituted a lien against the Property or the proceeds of sale thereof.

(viii)

Admitted. The $4,600,000 is the original principal amount. There have been no payments or recoveries against principal. Stephens has recovered only the sum of $225,399.84 by way of distribution from the Trustee in a Chapter 7 bankruptcy proceeding (United States Bankruptcy Court Northern District of Georgia Case No. 12-61506) of W. B. Johnson Properties, LLC (another debtor on the judgment) on or about October 2, 2014, which has been applied to post-judgment interest. After such application, the balance of the judgment as of the filing of the instant case (February 16, 2016) is $5,670,539.89, consisting of $4,600,000 in principal and $1,070,539.89 in accrued unpaid interest. Interest continues to accrue post-filing at the rate of $882.19 per day.

(ix)

Stephens admits that the referenced Writ of Fieri Fascias is of record in the original amount shown, but denies that same constituted a lien against the Property or the proceeds of sale thereof. Stephens further shows that even if the execution was valid against the Property or proceeds thereof it is subordinate in priority to the claim of Stephens.

(x)

Stephens admits that the referenced Writ of Fieri Fascias is of record in the original amount shown, but denies that same constituted a lien against the Property or the proceeds of sale thereof. Stephens further shows that even if the execution was valid against the Property or proceeds thereof it is subordinate in priority to the claim of Stephens.

(xi)

Stephens admits that the referenced Notice of Federal Tax Lien is of record in the original amount shown, but denies that same constituted a lien against the Property or the proceeds of sale thereof except as to Mrs. Johnson's undivided one-half equitable interest therein. Stephens further shows that even if the execution was valid against the Property or proceeds thereof it is subordinate in priority to the claim of Stephens (as to the interest of Debtor, if any). Stephens further shows that the correct date of assessment was January 9, 2012, as shown on such filing.

(xii)

Stephens admits that the referenced tax execution is of record in the original amount shown, but denies that same constituted a lien against the Property or the proceeds of sale thereof except as to Mrs. Johnson's undivided one-half equitable interest therein. Stephens further shows that even if the execution was valid against the Property or proceeds thereof it is subordinate in priority to the claim of the Internal Revenue Service which is subordinate to the claim of Stephens (as to the interest of Debtor, if any)

(xiii)

Stephens admits that the referenced Writ of Fieri Fascias is of record in the original amount shown, but denies that same constituted a lien against the Property or the proceeds of sale thereof.

Stephens further shows that even if the execution was valid against the Property or proceeds thereof it is subordinate in priority to the claim of Stephens.

(xiv)

Stephens concurs that the referenced matter does not pertain to the Debtor, his wife or the Property.

Except as expressly admitted above, all remaining allegations of Paragraph 19 are denied.

20.

The allegations contained in the first two sentences of this Paragraph are admitted. The last sentence of this Paragraph is not an allegation but rather definitional.

21.

Stephens is without information sufficient to admit or deny the allegations of this Paragraph.

22.

Stephens is without information sufficient to admit or deny the allegations of this Paragraph.

23.

Stephens is without information sufficient to admit or deny the allegations of this Paragraph.

24.

As to the first sentence of this Paragraph, Stephens shows that same is not an accurate description of Stephens' proof of claim. The proof of claim filed by Stephens was as follows:

> J. Richard Stephens (hereinafter "Stephens") is a creditor of the Debtor pursuant to the Amended Final Judgment dated February 8, 2012, issued by the Superior Court of Fulton County, Georgia, in the case of J. Richard Stephens v. William B. Johnson et al, Civil Action File No. 2005-CV-101373, a copy of which is attached, in the

9

principal amount of $4,600,000, together with post-judgment interest at 7% per annum, which judgment is the subject of that certain writ of fi. fa. issued by the Clerk of the Superior Court of Fulton County, Georgia, dated February 21, 2012, and recorded February 21, 2012, at Lien Book 2283, page 576, Records of Fulton County, Georgia, a copy of which is attached.

None of the principal of such judgment has been paid; Stephens has recovered only the sum of $225,399.84 by way of distribution from the Trustee in a Chapter 7 bankruptcy proceeding (United States Bankruptcy Court Northern District of Georgia Case No. 12-61506) of W. B. Johnson Properties, LLC (another debtor on the judgment) on or about October 2, 2014, which has been applied to post-judgment interest. After such application, the balance of the judgment as of the filing of the instant case (February 16, 2016) is $5,670,539.89, consisting of $4,600,000 in principal and $1,070,539.89 in accrued unpaid interest. Interest continues to accrue post-filing at the rate of $882.19 per day.

Stephens also obtained an Order and Judgment entered November 6, 2015, in the Fulton Superior Court in the case of J. Richard Stephens v. William B. Johnson and Sandra T. Johnson, Civil Action File No. 2014CV245803 (copy attached), invalidating the transfer by the Debtor of his undivided one-half interest in and to the residence located at 3000 Andrews Drive, Unite 3, Atlanta, Georgia 30305 by way of a Deed to the Debtor's wife, Sandra T. Johnson, dated April 7, 2011 and recorded April 11, 2011. Stephens contends that the lien of his judgment is superior to the lien of any other creditor on such undivided half-interest as a result of successfully

10

    obtaining the Order and Judgment invalidating such transfer. Alternative, Stephens claims an equitable lien on such undivided half-interest for the fees and expenses of his counsel in such action, equal to thirty percent (30%) of the value of such undivided interest. See Friedrich v. Fid. Nat'l Bank, 247 Ga. App. 704, 545 S.E.2d 107 (2001).

The last sentence of this Paragraph is admitted.

### 25.

Stephens is without information sufficient to admit or deny the allegations of this Paragraph.

### 26.

The responses of Stephens to Paragraphs 1-25 are incorporated herein by this reference.

### 27.

Stephens denies that the validity, extent and priority of the Defendants' liens and interests in the Property are at issue but does not deny that a determination of the proper distribution of the proceeds of sale of the Property should be made by this Court. Except as expressly admitted hereby, all allegations of this Paragraph are denied.

### 28.

Stephens denies that the proposed distribution of funds by the Trustee is in accordance with law and further denies that any surcharge or subordination should be effected to diminish the claim of Stephens to the proceeds at issue. Stephens states that the remaining proceeds of $1,100, 687.34 should be distributed as follows:

    (a)    one-half thereof to Stephens in respect of his judgment in the amount of $550, 343.67; and

(b) the remainder as the Court may determine.

Alternatively, Stephens states the remaining proceeds should be distributed as follows:

(a)  thirty percent (30%) of the total proceeds to Stephens under the common fund doctrine of Georgia law in the amount of $330,206.20; and

(b)  the remainder as the Court may determine.

29.

Stephens shows that none of the various judgment creditors other than Stephens nor the Internal Revenue Service nor the Georgia Department of Revenue nor the Trustee had any lien of any kind against any interest of the Debtor in the property because Debtor had conveyed away his interest in such property by recorded deed before any of such liens attached and because none of such other creditors commenced any action to invalidate such transfer before the statute of limitations expired. Stephens further shows that Synovus Bank was invited by Stephens to join in an action setting aside the fraudulent transfer by Debtor to his wife but declined to so join and that Synovus was aware of such action, having been subpoenaed to provide documents and testimony at the trial of same. Stephens does admit that the Federal tax lien is subject and subordinate under applicable federal law to the lien of Stephen's judgment. Except as expressly admitted herein, all other allegations of this Paragraph are denied.

30.

Stephens denies that the Georgia Department of Revenue has any claim against the proceeds of sale relative to the invalidated transfer by Debtor because (1) the Georgia Department of Revenue took no action to set aside such transfer within the statute of limitations and (2) the lien of the Georgia Department of Revenue was subject and subordinate to the claim of the Internal Revenue

Service under applicable Georgia law, which in turn was subject and subordinate to the claim of Stephens. Further, as of the date of the petition in this Bankruptcy proceeding, any levy by the Georgia Department of Revenue against the Debtor would have been defective because of the pendency of the Fraudulent Conveyance.

31.

While this Paragraph does not contain an allegation requiring a response, Stephens joins in the Trustee's request for a declaratory judgment regarding the proper distribution of the net sales proceeds.

32.

Stephens' responses to Paragraphs 1-31 are incorporated herein by this reference.

33.

Stephens concurs that the claim of the Georgia Department of Revenue should be subordinated to the claim of Stephens.

34.

Stephens denies the allegations of this Paragraph.

**COUNTERCLAIM AND CROSS-CLAIMS**

Stephens hereby asserts the following counterclaim against Plaintiff/Trustee and the following cross-claims against the other Defendants.

1.

The responses of Stephens to the allegations of the Complaint are incorporated herein by this reference.

2.

As of and after the filing of the petition in this case, none of the other creditors or the Trustee could have brought an action to set aside the transfer of the Debtor of his interest in the Residence to his wife because of the expiration of the statute of limitations.

3.

As of and after the filing of the petition in this case, any levy by any of the other judgment creditors or tax lien holders would have been subject and subordinate to the interest of Stephens in the Property obtained by virtue of the order and judgment obtained in the Fraudulent Conveyance Case.

4.

By Stephens' diligent actions as a creditor, he acquired an equitable first priority lien to the extent of the undivided half interest in the Property formerly owned by Debtor which is superior to the claims of all others.

5.

Alternatively, by Stephens' diligent actions as a creditor, a common fund was created and Stephens' should be compensated therefrom for his legal fees and expenses.

Wherefore, having set forth his responses to the Complaint, as well as his counterclaim and crossclaims, Stephens asks that the Court enter an order requiring the Trustee to disburse the sum of $550,343.67 to Stephens in respect of his judgment or alternatively the sum of $330,206.20, with the remainder as the Court should determine.

This 26th day of January, 2017.

Respectfully submitted,

Theodore N. Stapleton, P.C.

 /s/ Theodore N. Stapleton  

Theodore N. Stapleton
State Bar No. 675850
Attorneys for J. Richard Stephens

Suite 100-B
2802 Paces Ferry Road
Atlanta, GA 30339
P- 770-436-3334
F- 404-935-5344
tstaple@tstaple.com


Robert J. Proctor, Esq.

 /s/ Robert J. Proctor          
Robert J. Proctor
State Bar No. 588438
Attorney for J. Richard Stephens

475 Huntcliff Green
Atlanta,  GA 30350
P-678-800-1757
F- 800-650-1423
mail@robertproctor.com

**Certificate of Service**

      This is to certify that I have mailed a copy of the foregoing pleading by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

      Neil C. Gordon
      William D. Matthews
      Arnall, Golden Gregory
      171 17th Street, NW
      Suite 2100
      Atlanta, Georgia 30363

This 26th day of January, 2017.

      /s/ Theodore N. Stapleton
      THEODORE N. STAPLETON
      Georgia Bar No. 675850