

**IT IS ORDERED as set forth below:**

**Date: August 25, 2017**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NUMBER: |
| **WILLIAM B. JOHNSON, JR.**, | **16-51072-PMB** |
| Debtor. | CHAPTER 7 |
| | |
| **NEIL C. GORDON, Chapter 7 Trustee,** | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING |
| **INTERNAL REVENUE SERVICE; GEORGIA DEPARTMENT OF REVENUE; U.S. DEPARTMENT OF JUSTICE; AUTOMOBILE ACCEPTANCE CORP.; DANCO FINANCIAL, INC.; SYNOVUS BANK; J. RICHARD STEPHENS; SUNTRUST BANK; AMEGY BANK, N.A.; STATE BANK; CHATHAM HILL ASSOCIATION, INC.; and SANDRA THOME JOHNSON**, | **16-05349-PMB** |
| Defendants. | |

### ORDER GRANTING TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is the *Trustee's Motion for Leave to File an Amended Complaint* (the "Motion to Amend"), filed on May 22, 2017 (Docket No. 52), by Neil C. Gordon, the Chapter 7 Trustee (the "Trustee"), as well as the *Trustee's Memorandum of Law in Support of His Motion for Leave to File an Amended Complaint* (the "Trustee's Brief"), filed on May 22, 2017 (Docket No. 53). In opposition to the Motion to Amend, J. Richard Stephens ("Stephens") filed the *Memorandum of Defendant J. Richard Stephens in Response to Trustee's Memorandum of Law in Support of His Motion for Leave to File an Amended Complaint* (the "Stephens Response"), filed on June 6, 2017 (Docket No. 55). Synovus Bank also filed *Synovus Bank's Response to Trustee's Motion for Leave to File an Amended Complaint* (the "Synovus Response"), filed on June 5, 2017 (Docket No. 54). No other pleadings were filed by any party in relation to the Motion to Amend.

In the Motion to Amend, the Trustee seeks leave to amend the complaint filed in this adversary proceeding to add an additional claim affecting the priority of the various liens filed by the Defendants against the estate of the Debtor.[1] The Trustee had previously claimed that many of the Defendants' liens were not perfected until the entry of an order by the Superior Court of Fulton County (the "Superior Court") on November 6, 2015, declaring the transfer of the Debtor's one-half interest in his former residence to his wife to be a fraudulent transfer (the "Fraudulent Transfer Order"). In the Trustee's Brief, the Trustee asserts that he only wishes to add a new claim based on the existing facts and arguments. Specifically, because, according to the Trustee, the various liens were not perfected until November 6, 2015, and this underlying bankruptcy case was filed on January 19, 2016, those liens were perfected during the ninety (90) day period prior to

---

[1] For a list of each of the parties' respective liens and filing dates, see pp. 3-6 of the Trustee's Brief.

2

the filing of this bankruptcy case, and therefore such creditors' interests are avoidable preferences pursuant to 11 U.S.C. § 547.[2]  In the Synovus Response, Synovus does not object to the Motion to Amend, but sets forth an argument that the Motion to Amend is futile.[3]  Stephens does oppose the Motion to Amend.  For the reasons set forth below, the Court will grant the Motion to Amend.

## DISCUSSION

According to the Federal Rules of Civil Procedure (the "FRCP"), a party has the ability to amend its original complaint as a matter of course within twenty-one (21) days after serving it or twenty-one (21) days after the opposing party has served their responsive pleading, whichever is earlier.  FRCP 15(a)(1).  If the plaintiff does not amend its complaint within such time as a matter of course, a court must use its discretion to determine if the plaintiff may still amend its complaint. FRCP 15(a)(2); Bernstein v. Gailey (In re Gailey, Inc.), 119 B.R. 504, 508 (Bankr. W.D. Pa. 1990). Rule 15 is applicable to bankruptcy adversary proceedings through the Federal Rules of Bankruptcy Procedure (the "FRBP") Rule 7015.

Courts should allow parties to amend complaints freely and liberally when justice so requires, and only deny leave to amend for a substantial reason such as (i) undue prejudice to the opposing party; (ii) bad faith; (iii) undue delay; or (iv) futility of the amendment itself.  Foman v. Davis, 371 U.S. 178, 182, 82 S. Ct. 227, 9 L.Ed.2d 222 (1962); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001); Evans v. Syracuse City School Dist., 704 F.2d 44, 46 (2nd Cir. 1983); Vu v. Ankoanda (In re Ankoanda), 495 B.R. 599 (N.D. Ga. 2013)(Diehl, J.).  Courts

---

[2] According to the Trustee's Brief, the Trustee is also seeking to "clarify the allegations of the original Complaint regarding a surcharge and regarding the relative priority of federal and state tax liens." However, the principal change is the additional of an avoidable preference claim pursuant to 11 U.S.C. § 547.  Trustee's Brief at *7.

[3] Because Synovus does not oppose the Motion to Amend, this Order will not address any issues raised in the Synovus Objection.  See Synovus Response at *1 & 16.

have held that if the underlying facts or circumstances relied upon by the movant in making their amendment may be a proper subject of relief, they ought to be afforded an opportunity to test their claim on the merits. Foman, 371 U.S. at 182. Refusing to grant leave without any substantial reason has been deemed to be an abuse of discretion and inconsistent with the spirit of the Federal Rules. Id.

Courts have deemed undue prejudice to the opposing party to be the most important factor in determining whether to grant or deny a motion to amend. Crumley v. Tomen Am., Inc. (In re Nat'l Steel Serv. Ctr., Inc.), 170 B.R. 745, 750 (Bankr. N.D. Ga. 1994) (Cotton, J.). A heavy burden of proof, therefore, is placed upon the opposing party to show that they will in fact be prejudiced by the amendment. Gailey, Inc., 119 B.R. at 508.

To prove that an amendment will result in undue prejudice, the opposing party must demonstrate that (i) they will be required to expend significant additional resources to conduct discovery; (ii) there will be a significant delay to the resolution of the dispute; or (iii) the delay will prevent the opponent from bringing a timely action in another jurisdiction. Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993). However, courts have held that because all amendments inevitably involve some additional expense to the opposing party, if the amendment only causes the opposing party to incur nominal expenses, it does not amount to undue prejudice. Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla., 148 F.3d 1231, 1257 (11th Cir. 1998).

Courts have been more likely to find undue prejudice to the opposing party when the movant's proposed amendments allege a new set of operative facts of which the opposing party is not aware. G. Survivor Corp. v. Harari (In re G. Survivor Corp.), 217 B.R. 433, 438 (Bankr. S.D.N.Y. 1998). A new set of operative facts can create an unfair disadvantage for the opponent, or

bring them undue difficulty in prosecuting the lawsuit, as the opposing party was not prepared to prosecute based on those facts. Id. However, if the movant's new cause of action arises from essentially the same facts asserted in the movant's original complaint, it is less indicative of unfair prejudice to the opposing party because the opposing party was already aware of those facts and could prepare to prosecute on them. Id.

Second, courts have found that parties act in bad faith when the movant intentionally waits to bring their amendment to help their own case or to hurt their opponent's. Middle Atlantic Util. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 385 (2nd Cir. 1968); Hays v. Ala. Gas Corp. (In re RDM Sports Group, Inc.), 253 B.R. 298, 302 (Bankr. N.D. Ga. 2000) (Drake, J.).

Third, while undue delay is a factor that courts consider in deciding if a party's motion to amend should be granted, courts have held that a delay on its own is an inadequate basis for denying a motion to amend. Middle Atlantic Util. Co.. 392 F.2d at 384. An undue delay must be accompanied by either bad faith or undue prejudice upon the opposing party to warrant the denial of a motion to amend. Id.; Block, 988 F.2d at 350. If the movant has not acted in bad faith in waiting to bring their amendment, and the delay does not create undue prejudice to the opposing party, the mere fact that there will be a delay is not sufficient to warrant the denial of a motion to amend. Bakery Sales Drivers Local Union No. 33 v. Wagshal, 161 F.2d 380, 384 (D.D.C. 1947).

Finally, courts have held that the standard for determining whether an amendment itself is futile is similar to the analysis of whether a claim would survive a FRCP 12(b)(6) motion to dismiss. Christman v. Walsh, 416 F. App'x 841, 844 (11th Cir. 2011). To evaluate futility, the facts that the movant asserts in their amendment are to be assumed as true and their claim is to be viewed in the light most favorable to the movant. Id. Courts have held that an amendment is

deemed futile when the complaint as amended fails to state a claim under FRCP 12(b)(6) or would be subject to a successful motion to dismiss on some other basis. Id.; Almanza v. United Airlines, Inc., 162 F.Supp.3d 1341, 1362 (S.D. Ga. 2016);

Stephens asserts that allowing the Trustee to amend the complaint in this proceeding would cause undue prejudice. However, the Trustee has not alleged any new facts in either the Motion to Amend or the Trustee's Brief. See Motion to Amend and Trustee's Brief (*passim*). Even the Trustee's underlying legal theory, that the various liens against the Debtor did not attach to the Property until after entry of the Fraudulent Transfer Order, was presented in the original complaint filed in this proceeding. In the Stephens Response, Stephens argues that there has been undue prejudice by the Trustee because all the facts were known to the Trustee more than a year prior to filing the Motion to Amend, but as referenced above, a new legal theory based on existing and known operative facts weighs against undue prejudice and in favor of allowing the amendment(s).

Stephens further argues that the parties have been prejudiced by this delay by taking irrevocable positions, "particularly those who decided not to answer or who have moved for voluntary dismissal, thus abandoning their claims." Stephens Response at *2, ¶ 2. However, the Trustee's underlying legal theory was set forth in the original complaint, putting parties on notice of all potential results of that theory. Further, the parties to whom Stephen's presumably refers (since he does not identify them) are either judgment creditors with low priority judgment claims who were never going to get anything from this litigation (and would be subject to these new claims if they were still in the case), and the Internal Revenue Service, who the Trustee asserts is entitled to the bulk of the proceeds in his amended pleading (and thus could not be prejudiced by the amendment). Finally, Stephens has not asserted that (i) any additional discovery would be

6

required, let alone that he would have to expend significant resources for such additional discovery, (ii) there will be a <u>significant</u> delay to resolution of the matters, or (iii) the delay caused by proposing the amendment would prevent a party from being an action timely in another jurisdiction. Therefore, the Motion to Amend does not unduly prejudice the other parties in this adversary proceeding.

Stephens also argues that the Trustee is acting in bad faith, asserting that because there are no appreciable unsecured creditors in the Debtor's Chapter 7 case, this is really a dispute between the Georgia Department of Revenue, Synovus Bank, and Stephens, and the Trustee's only motivation is to impose a larger surcharge. The Court does not attribute such a motive to the Trustee's request. Further, bad faith in the context of a motion to amend is typically found if the moving party acted by deliberately waiting to see a position taken by an adverse party so that the proposed amendment will either help the moving party or be detrimental to such adverse party. Stephens has not asserted that the Trustee waited to file this amendment until all the other parties had taken intractable positions to provide the Trustee with an unfair advantage of having seen the parties' respective defenses before advancing this theory/claim too. Since the burden is on the objecting party to prove bad faith, and no evidence has been presented supporting an allegation of bad faith, this Court does not find that the Trustee filed the Motion to Amend in bad faith.

Stephens asserts that the Trustee's proposed amendment is also futile and therefore the Motion to Amend should be denied. Stephens Response at *3-4, ¶ 5. Stephens asserts that the Trustee's underlying theory is based on an incorrect interpretation of 11 U.S.C. § 547. However, the standard of assessing whether an amendment is futile is the same as if the objecting party had filed a motion to dismiss under FRCP 12(b)(6). As such, the facts and allegations are viewed in

7

the most favorable light to the non-objecting party, and the burden is on the objecting party to prove the futility of the amendment. Here, Stephens has not cited a single case to support his argument that the Trustee is incorrect in his interpretation of 11 U.S.C. § 547. Without supporting case law or evidence, Stephens's objection is insufficient to justify a finding that the Motion to Amend is futile.

Finally, Stephens asserts that to allow the Trustee to amend the complaint will cause undue delay. However, as set forth above, undue delay, in the absence of undue prejudice or bad faith, is not sufficient cause to deny leave to amend. Having found that Stephens has not met his burden of proving undue prejudice or bad faith, or that the proposed amendment is futile, there cannot be undue delay sufficient to deny the Motion to Amend.

If the facts and circumstances of a case do not fit one of the substantial reasons that courts have used to deny a motion to amend, including (i) undue prejudice to the opposing party; (ii) bad faith; (iii) undue delay; and (iv) futility of the amendment itself, the amendment should be liberally granted in order to allow the movant to test their claim on their merits. In this case, no party has set forth cause to deny the Motion to Amend.

Based on the foregoing, it is hereby **ORDERED** that the Motion to Amend is **GRANTED**, and the Trustee may amend the complaint in this proceeding as set forth in the Trustee's Brief **no later than September 8, 2017**.

The Clerk is directed to serve a copy of this Order upon Plaintiff, counsel for Plaintiff, each Defendant, counsel for each Defendant, and the Acting United States Trustee.

**[END OF DOCUMENT]**