UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 16-51072-PMB |
| WILLIAM B. JOHNSON, JR., ) | |
| ) | |
| Debtor ) | CHAPTER 7 |
| ) | |
| ) | |
| NEIL C. GORDON, Chapter 7 Trustee ) | |
| for the Estate of William B. Johnson, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ADVERSARY PROCEEDING |
| THE INTERNAL REVENUE SERVICE; ) | NO. 16-05349 |
| GEORGIA DEPARTMENT OF ) | |
| REVENUE; U. S. DEPARTMENT OF ) | |
| JUSTICE; AUTOMOBILE ) | |
| ACCEPTANCE CORP.; DANCO ) | |
| FINANCIAL INC.; SYNOVUS BANK; ) | |
| J. RICHARD STEPHENS; SUNTRUST ) | |
| BANK; AMEGY BANK, N. A.; STATE ) | |
| BANK; CHATHAM HILL ) | |
| ASSOCIATION, INC.; and SANDRA ) | |
| THOME JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Neil C. Gordon ("**Trustee**" or "**Plaintiff**"), as Chapter 7 Trustee for the bankruptcy estate of William B. Johnson, Jr. ("**Debtor**"), by and through undersigned counsel, and files this *Plaintiff's Motion for Partial Summary Judgment* pursuant to Rule 56 of the Federal Rules of Civil Procedure made applicable to this Bankruptcy proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Plaintiff seeks summary judgment in his favor on the grounds that no genuine issue of material fact remains as to various counts in this action. In support of *Plaintiff's*

*Motion for Partial Summary Judgment*, the Plaintiff submits to the Court: i) *Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment*; and ii) *Plaintiff's Statement of Material Facts as to Which There is No Material Issue to be Tried Offered in Support of Plaintiff's Motion for Partial Summary Judgment*.

WHEREFORE, the Plaintiff respectfully requests that this Court grant *Plaintiff's Motion for Partial Summary Judgment* and award the Plaintiff a judgment against the Defendant:

a) avoiding the Transfers (i.e. the attachment, fixing or perfection of the Judgment Liens and of the Tax Lien) pursuant to 11 U.S.C. § 547; and

b) preserving the avoided Transfers for the benefit of the Estate, pursuant to 11 U.S.C. § 551; or

c) alternatively, declaring that the Tax Lien is the senior lien on the Net Sale Proceeds held by the estate, subject to surcharge under 11 U.S.C. § 506(c) and subordination under 11 U.S.C. § 724(b).

Respectfully submitted this 15th day of December, 2017.

        ARNALL GOLDEN GREGORY LLP
        *Attorneys for Trustee*

By:*/s/ William D. Matthews*
    Neil C. Gordon
    Ga. Bar No. 302387
    William D. Matthews
    Ga. Bar No. 470865
    william.matthews@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
404-873-8500

# CERTIFICATE OF SERVICE

This is to certify that I, William D. Matthews, am over the age of 18 and that on December 15, 2017, I caused to be served true and correct copies of the foregoing PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT by electronic mail on all those persons or entities set forth below at the email addresses stated:

William A. DuPré, IV
Bill.DuPre@millermartin.com
Paul M. Alexander
Paul.Alexander@millermartin.com
Megan A. Taylor
Megan.Taylor@millermartin.com
Miller & Martin PLLC
Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309

Theodore N. Stapleton on behalf of Defendant J. Richard Stephens
tstaple@tstaple.com

Robert J. Proctor, Attorney at Law
475 Huntcliff Green
Atlanta, Georgia 30350
mail@robertjproctor.com

Archana Ravindranath
Christopher M. Whitcomb
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, NW Suite 6235
Washington, DC 20001
Christopher.M.Whitcomb@usdoj.gov
Archana.Ravindranath@tax.USDOJ.gov

This 15th day of December, 2017.

/s/ William D. Matthews
William D. Matthews
Georgia Bar No. 470865

11638016v1                              1